# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROLAND MARTIN JERMYN, <br> **Plaintiff,** | : <br> : <br> : |
| v. | :    **CIVIL ACTION NO. 18-CV-2688** |
| JUDGE WILLIAM DITTER, *et al.*, <br> **Defendants.** | : <br> : |

**MEMORANDUM**

**BEETLESTONE, J.**                                                                        **JULY 3rd, 2018**

FILED JUL - 3 2018 KATE BARKMAN, Clerk By_____ Dep. Clerk

Plaintiff Roland Martin Jermyn Jr., proceeding *pro se*, has filed this civil action against Judge William Ditter, former Judge Edward Cahn, Dennis Kowal, Nicholas Tenaglia, HJ Ousby III, Joe Moloznik, David Moloznik, the Department of Justice, Alan Feldman, Betsy Cohen, Ed Cohen, and Owen Smith. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Jermyn leave to proceed *in forma pauperis* and dismiss his Complaint.

## I. FACTS

Jermyn states that he is raising a claim against the Defendants pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") because of a criminal enterprise that began in 1984 and has continued until the present. (Compl. at 2.)[1] In support of his RICO claim, he asserts that his family was "destroyed." (*Id.* at 3.)

Jermyn goes on to state that he has filed his Complaint *pro se* "with the belief that soon a lawyer will be able to modify this Complaint and obtain [v]ictory on all [c]ounts." (*Id.* at 6.) He asserts that it is "[his] [h]ope to find Q of the Rodenberry [f]ame who will turn the [c]lock back

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

to the [d]ay before the luncheon in 1984 when [he] stepped to the [b]ar at the English Pub with [his] [s]on Roland at Disney World and there [never] will be a luncheon or a PHA WAR." (*Id.*) So far, Jermyn "[has] not found the Rodenberry Q." (*Id.*)

According to Jermyn, Dennis Kowal, "the current occupant of the Jermyn Farm[,] is there by a fraudulent transfer and [b]ait and [s]witch by the US [D]epartment of Justice and Judge William Ditter and must be escorted off the Jermyn Farm." (*Id.*) He claims that in 2012, "a Dennis Arnold shocked [his] son's wife by calling and asking where [Jermyn] was." (*Id.*) Jermyn told Arnold that "[he] would only send PRO SE filings to Kowal if he was named in the Complaint." (*Id.*) Kowal "has threatened [Jermyn] with a Glock." (*Id.*)

Jermyn goes on to allege that "starting sometime in 1983," Nick Tenaglia lied to the Department of Justice "and a [h]ate crime commenced." (*Id.*) He also starts that he believes, "according to rumors," that Judge Ditter "dresses up like Hitler before [d]inner." (*Id.* at 7.) Jermyn contends that during the summer of 1987, Judge Masterson asked Judge Cahn "to deny the ESOP their litigation to stop [P]aul Ramsey from buying [Jermyn's] stock and he agreed with Skadden Arps and [Jermyn believes] he was bribed by the ESOP." (*Id.*) Jermyn further alleges that Owen Smith "had the audacity to drive down [his] [f]arm lane August of 1984 when [Jermyn] was in Nantucket and leave his [b]usiness card." (*Id.*) He also states that Alan Feldman was "[i]n charge of the ESOP that ran PHA-he and his [c]ohorts looted the [c]ompany to bankruptcy." (*Id.*)

Jermyn goes on to note that HJ Ousby III is "an old friend and usher in [his] [w]edding who somehow felt he could destroy the [h]oldings of the Jermyn [f]amily and sold the [f]arm to Koval." (*Id.*) David and Joe Moloznik "stole from the [t]wo [t]rusts over 500,000 US without interest or the purchase of Tesla at the IPO price of 17.00 US a share." (*Id.*) With respect to

2

Dennis Kowal, Jermyn told Kowal that when he rented the farm to him "so distressed ... over the [l]oss of [his] wife Linda that the [f]arm was never for sale and he would be given 90 [d]ays notice when [he] found a new bride to vacate the farm." (*Id.*) Jermyn "found a new [b]ride 9-27-97 and gave [Kowal] proper notice but he did not leave the [F]arm." (*Id.*) Jermyn also alleges that Kowal "said to either [his] [m]other [or his] sister that [t]he Brumbach farm painting given to [Jermyn] out of love by Linda if he did not get it he would not buy the [f]arm-[a] [k]ingdom for a [h]orse and a Brumbach [b]arn for a [f]arm." (*Id.*) Finally, Jermyn contends that Ed Cohen "ran for the [h]ills in 1984 and handed [Jermyn] over to Wolf Block" and that Betsy Cohen "stole 90,000.00 US from our [f]arm and harassed [his] [w]ife Linda almost to her death." (*Id.*)

Overall, Jermyn alleges that the named Defendants "start[ed] early [s]pring of 1984 to deprive the Jermyn [f]amily of [l]aughter and [j]oy and also the net result of their [a]ctivities caused the Jermyn [f]amily to lose their [t]own [h]ouse in Lancaster and a 132 acre [f]arm in Drumore Township which was [h]eaven on Earth." (*Id.*) He states that he "operate[s] under the [u]mbrella of English [l]aw the Magna Carta." (*Id.*) Jermyn then makes reference to various exhibits, but those exhibits were not attached to the Complaint. (*Id.* at 7-8.)

As relief, Jermyn asks for "20 billion US [to be] sent to Russell Harkin, Esquire and the keys and deed to the Jermyn Farm to Russ by 3-31-2018." (*Id.* at 4.) However, on another page of his Complaint, he requests that the Court enter an emergency order directing that the farm be returned to the Jermyn family by April 30, 2018 as well as a "verdict in favor of the Jermyn [f]amily for the 20 Billion US plus Treble Damages." (*Id.* at 8.)

3

## II. STANDARD OF REVIEW

The Court will grant Jermyn leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Jermyn is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

At the outset, the Court notes that Jermyn's allegations rise to the level of being delusional. Upon reading the Complaint, the Court concludes that Jermyn's claims and allegations are primarily based upon his own paranoid, irrational thoughts. For that reason, the Court will dismiss the Complaint as factually frivolous.

4

Moreover, as noted above, Jermyn contends that he is bringing suit against the named Defendants pursuant to the civil RICO statute, which states that "any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court." 18 U.S.C. § 1964(c). The Supreme Court has held that a four-year statute of limitations applies to all civil actions under the RICO statute. *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156 (1987). Here, Jermyn alleges that the RICO enterprise formed in 1984, well more than four years before Jermyn filed this suit. Thus, the statute of limitations bars Jermyn's RICO claims against the Defendants.

In any event, nothing in the Complaint provides a plausible, non-speculative basis for concluding that Jermyn suffered injury to business or property that would give him standing to raise a RICO claim. The federal civil RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c). To establish standing under § 1964(c), "a RICO plaintiff [must] make two related by analytically distinct threshold showings . . . : (1) that the plaintiff suffered an injury to business or property; and (2) that the plaintiff's injury was proximately caused by the defendant's violation of 18 U.S.C. § 1962." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000) (footnote omitted). RICO, however, does not provide a cause of action where the damages alleged are "speculative." *Id.* at 495 (speculative damages that were "predicated exclusively on the *possibility* that future events might occur" could not form the basis of a RICO injury). Here, Jermyn's RICO claim is entirely based upon his delusions regarding the Defendants' actions as well as his speculation that his net worth would range "20 [b]illion US if there had been "NO PHA WAR." (Compl. at 6.) *See Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010)

5

(explaining that "injury for RICO purposes requires proof of concrete financial loss, not mere injury to an intangible property interest"). Accordingly, even if Jermyn's RICO claims were timely, his speculations would not give him standing to raise such claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Jermyn leave to proceed *in forma pauperis* and dismiss his Complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Jermyn will not be permitted to file an amended complaint as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.

BY THE COURT:

**WENDY BEETLESTONE, J.**